Sandra M. Velandia, Esq. SBN 362843
**VELANDIA TECH LAW GROUP**
355 S Grand Ave, Suite 2450
Los Angeles, CA 90071
Tel: (213) 401-4068
Email: mvelandia@velandiatechlaw.com

*Attorney for Plaintiff Alejandro Garcia*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO GARCIA,<br><br>          Plaintiff,<br><br>     v.<br><br>LOPEZ FINANCIAL, INC., a California corporation; GO PRO TAX LLC, a California limited liability company; DOES 1–10, inclusive,<br><br>          Defendants. | **Case No.:**<br><br>**COMPLAINT FOR:**<br><br>1. INJUNCTIVE RELIEF — VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101 ET SEQ.; AND<br>2. STATUTORY DAMAGES — VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CAL. CIV. CODE § 51 ET SEQ.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Alejandro Garcia ("Plaintiff"), individually, brings this action based upon his personal knowledge as to himself and his own acts, including his personal encounters

1

with the architectural barriers at the Subject Property located at 315–317 E San Bernardino Rd Covina, CA 91723, and as to all other matters upon information and belief, based upon, inter alia, the investigations of his attorneys, review of publicly available records, and examination of Google Street View imagery depicting the conditions of the Subject Property.

## I.   NATURE OF THE ACTION

1. This is a civil rights action seeking to remedy the unlawful discrimination that Defendants have perpetrated against Plaintiff Alejandro Garcia, a person with paraplegia who is entirely dependent on a wheelchair for all mobility. Defendants own, operate, and/or control the business premises located at 315–317 E San Bernardino Rd Covina, CA 91723, where both Lopez Financial, Inc. and Go Pro Tax LLC operate their respective business establishments in a single shared building (geographic coordinates: 34.09072723, −117.88509614).

2. Despite the ADA's mandate that places of public accommodation be accessible to persons with disabilities, Defendants have maintained and continue to maintain architectural barriers at the entrance and access routes of the Subject Property that categorically exclude wheelchair users, including Mr. García, from the full and equal enjoyment of the goods, services, and facilities offered therein.

3. Mr. García personally visited the Subject Property and was personally denied access because of steps at the primary entrance, the absence of any accessible ramp, and

the absence of a functionally accessible alternative route. These are not ambiguous or marginal deficiencies: the physical barriers at the Subject Property make it physically impossible for a wheelchair user to independently enter the building. Mr. García was compelled to leave without receiving the tax preparation services he sought, and has been deterred from returning because of his actual knowledge that these barriers remain.

4. This action arises under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., and the California Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq. (the "Unruh Act"). Plaintiff seeks injunctive relief compelling Defendants to remove architectural barriers and bring the Subject Property into compliance with applicable accessibility standards, as well as statutory damages under the Unruh Act of no less than $4,000 per incident of discrimination, plus attorneys' fees and costs.

## II.   PARTIES

5. Plaintiff Alejandro Garcia is a resident of the State of California. Mr. García has paraplegia — a condition resulting from a spinal cord injury he sustained in or around 1993, at the age of 22, leaving him with no sensory or motor function below his thoracic level. Since that injury, Mr. García has been completely and permanently dependent on a manual wheelchair for all locomotion and daily activities. His disability is unambiguous and undisputed: he cannot stand, walk, or navigate any surface that is not wheelchair-accessible. Mr. García is a "qualified individual with a disability" within the

meaning of the ADA, 42 U.S.C. § 12102, and a "person with a disability" within the meaning of the Unruh Act, Cal. Civ. Code § 51(b).

6. In 2023 and 2024, Mr. García developed serious pressure ulcer wounds as a direct complication of his prolonged wheelchair use. Between 2024 and early 2025, he was hospitalized eleven times — with individual stays ranging from two to three weeks — for treatment of these wounds. He underwent surgical intervention in early 2025 and was confined to a hospital bed from January through April 2025 for post-operative recovery. As of the time of his initial contact with Counsel in or around early 2026, Mr. García had recovered sufficiently to resume independent mobility by wheelchair and was actively reintegrating into community life, including visiting parks and driving. He remains entirely dependent on his wheelchair for all mobility.

7. Mr. García is a resident of the greater Los Angeles area, within the Central District of California.

8. Defendant Lopez Financial, Inc. (California Corporation No. 2931691) is a California corporation that owns, operates, and/or leases the premises located at 315 E San Bernardino Rd Covina, CA 91723. Lopez Financial, Inc. provides real estate brokerage, mortgage loan, and financial services to the general public, constituting a place of public accommodation within the meaning of Title III of the ADA. 42 U.S.C. § 12181(7)(F).

9. Defendant Go Pro Tax LLC (California LLC No. 202253817337) is a California limited liability company that owns, operates, and/or leases premises at 317 E San Bernardino Rd Covina, CA 91723. Go Pro Tax LLC provides tax preparation and related professional services to the general public from within the same shared building as Lopez Financial, Inc., constituting a place of public accommodation within the meaning of Title III of the ADA. 42 U.S.C. § 12181(7)(F).

10. The premises occupied by Lopez Financial, Inc. (315 E San Bernardino Road) and Go Pro Tax LLC (317 E San Bernardino Road) are located within a single shared commercial building, share a common primary entrance from E San Bernardino Road, and present a unified physical access point to the general public. Both entities are therefore jointly responsible for the architectural barriers at the common entrance and access route that serve both establishments. The shared building is referred to herein as the "Subject Property."

11. Plaintiff is unaware of the true names and capacities of Defendants sued herein as Does 1 through 10. Plaintiff will amend this complaint to identify each Doe Defendant once their identities are ascertained through discovery. On information and belief, each Doe Defendant bears some measure of responsibility for the discriminatory conduct, conditions, and omissions alleged herein, and Plaintiff's damages were proximately caused by their acts and omissions.

### III. JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over Plaintiff's ADA claim pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)–(a)(4), as this action arises under a federal statute.

13. This Court has supplemental jurisdiction over Plaintiff's Unruh Act claim pursuant to 28 U.S.C. § 1367(a), as that claim arises from the same nucleus of operative facts as the federal ADA claim, and it would be most efficient and consistent with principles of judicial economy to adjudicate both claims in a single proceeding.

14. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2) because the Subject Property is located in Covina, California, which lies within the Central District of California, Western Division, and because all of the acts and omissions giving rise to Plaintiff's claims occurred within this District.

### IV. STATEMENT OF FACTS

#### A. Applicable Legal Framework

15. Title III of the ADA prohibits discrimination against individuals on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. 42 U.S.C. § 12182(a). Discrimination includes the failure to remove architectural barriers where such removal is "readily achievable". 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

16. The ADA's implementing regulations establish different compliance standards depending on a facility's construction date. Facilities designed and constructed for first occupancy after January 26, 1993, must be readily accessible to and usable by individuals with disabilities unless structurally impracticable. 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.401. Existing facilities that predate that threshold must remove barriers where readily achievable. 28 C.F.R. § 36.304. Alterations made after January 26, 1992, must ensure that, to the maximum extent feasible, the altered portions are accessible. 28 C.F.R. § 36.402.

17. The technical standards applicable to ADA compliance are set forth in the 1991 ADA Accessibility Guidelines (the "1991 Standards"), 28 C.F.R. Part 36, Appendix A, and the 2010 ADA Standards for Accessible Design (the "2010 Standards"), 28 C.F.R. Part 36, Subpart D. All new construction and alterations commenced on or after March 15, 2012, must comply with the 2010 Standards.

18. On information and belief, the Subject Property was constructed for first occupancy after January 26, 1993, and/or has undergone alterations after January 26, 1992, which independently trigger accessibility requirements under Title III of the ADA. Alternatively, if the Subject Property predates January 26, 1993, Defendants are required to remove barriers to access where removal is readily achievable under 42 U.S.C. § 12182(b)(2)(A)(iv).

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19. A violation of the ADA constitutes, automatically and without further showing, a per se violation of the California Unruh Civil Rights Act. Cal. Civ. Code § 51(f). Under the Unruh Act, a plaintiff who personally encounters a construction-related accessibility violation and experiences difficulty, discomfort, or embarrassment as a result is entitled to recover statutory damages of $4,000 per incident, plus actual damages, attorneys' fees, and costs. Cal. Civ. Code §§ 52(a), 55.56(a)–(c). Neither the plaintiff's litigation history nor his motivation for visiting the premises affects his standing or his right to recover under the Unruh Act. Gilbert v. 7-Eleven, Inc., 157 F.4th 1057, 1065 (9th Cir. 2025).

### B. Mr. García's Personal Encounter with Architectural Barriers

20. Prior to his extended hospitalization, Mr. García had utilized the tax preparation services of Go Pro Tax LLC on at least two prior occasions. On those prior visits, he was able to access the premises only with the assistance of third parties who physically navigated him around the architectural barriers — a process that was difficult, undignified, and dependent on the availability of others to provide manual physical assistance.

21. On or about October 15, 2025 (as best recalled by Mr. García; the precise date is subject to confirmation through credit card records and other documentary evidence), Mr. García attended the Subject Property at 315–317 E San Bernardino Road, Covina,

California 91723, as a bona fide patron, with the specific intent and purpose of obtaining tax preparation services from Go Pro Tax LLC.

22. Upon arrival at the Subject Property, Mr. García encountered the following physical conditions, each of which constituted an architectural barrier preventing his independent wheelchair access to the establishment:

22.1. Steps at the Primary Entrance (Front): The primary and sole publicly visible entrance to the shared building located at 315–317 E San Bernardino Road faces E San Bernardino Road and consists of a stepped threshold — one or more steps rising from the sidewalk level to the interior floor level. There is no ramp, no curb cut, no level transition surface, and no accessible means of ingress at this entrance. A wheelchair user cannot independently enter the building through this entrance.

22.2. Absence of Accessible Signage: There is no signage at or near the primary entrance directing persons with disabilities to an accessible alternative entrance, no International Symbol of Accessibility posted at or near the entrance, and no information of any kind indicating how, if at all, a wheelchair user might access the services provided within.

22.3. Rear Entrance — Not Independently Accessible: The building has a rear service entrance accessible from the rear parking area. However, this entrance is not independently accessible to Mr. García or similarly situated wheelchair users for the following reasons: (a) the rear parking area is secured by a gate or fence that is

not freely accessible to the public; (b) a private vehicle must be moved to create a path of travel to the rear entrance; (c) the rear entrance also has a step threshold, requiring manual physical assistance to navigate; and (d) no accessible parking, access aisle, or accessible route connects any publicly available parking area to the rear entrance. On one prior occasion, staff members assisted Mr. García through the rear by physically moving a vehicle and manually assisting him over the step — a degrading and dangerous process that does not constitute an accessible alternative under the ADA.

23. Mr. García personally observed and confirmed the conditions described in Paragraph 21 through his own direct experience and through his contemporaneous review of Google Street View imagery depicting the Subject Property from E San Bernardino Road, which confirms the presence of steps at the primary entrance, the absence of a ramp, and the absence of accessibility signage.

24. Because of the barriers described above, Mr. García was unable to independently enter the Subject Property on the occasion described in Paragraph 20. He was compelled to abandon his attempt to obtain tax preparation services and to leave the premises without receiving the services he sought. This constituted a complete denial of access — not merely an inconvenience or a diminished experience. Mr. García experienced frustration, embarrassment, and a sense of exclusion resulting directly from Defendants' failure to provide an accessible entrance.

25. Mr. García has actual, personal knowledge that the architectural barriers described herein remain present and unremediated at the Subject Property. Because of this knowledge, he has been deterred from returning to the Subject Property despite his desire to patronize the businesses located there. He intends to return to the Subject Property once the barriers are removed and the premises are rendered accessible, and he reserves his right to do so at any time during the pendency of this action.

### C. The Barriers Are Readily Achievable to Remove

26. The architectural barriers at the Subject Property — steps at the entrance and the absence of any accessible route — are among the most straightforward and commonly remediated ADA violations. The installation of a portable or permanent wheelchair ramp, the grading of a sloped access pathway, or the construction of a permanent accessible entrance represents precisely the type of barrier removal that the Department of Justice has consistently described as presumptively readily achievable. See 28 C.F.R. § 36.304(b)(1) (listing "installing ramps" as an example of readily achievable barrier removal).

27. The Subject Property is a commercial establishment operating profitable professional services businesses. Defendants have the financial resources, operational control, and physical capacity to remediate the barriers identified herein. On information and belief, Defendants have made no effort to remove these barriers despite more than thirty years of federal accessibility law requirements.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

28. The Ninth Circuit has made clear that where a defendant voluntarily removes barriers — or where the nature of the barriers makes their removal obviously feasible — the "readily achievable" element is established as a matter of law, and no expert testimony is required. *Gilbert v. 7-Eleven, Inc.,* 157 F.4th 1057, 1062–63 (9th Cir. 2025) (affirming that defendant's voluntary removal of barriers established their ready achievability without any further evidentiary showing by plaintiff). The basic ramp modifications needed at the Subject Property are, if anything, more obviously feasible than the parking lot and curb ramp remediation at issue in *Gilbert*.

### D. Defendants' Policies, Practices, and Procedures

29. On information and belief, Defendants do not maintain any written policies, practices, or procedures regarding the provision of accessible services to customers with physical disabilities. Defendants have not trained their staff to identify accessibility barriers, to offer alternative accommodations when the physical premises are inaccessible, or to provide equivalent services through accessible means. The ADA requires public accommodations to make reasonable modifications to their policies, practices, and procedures when necessary to ensure equal access to persons with disabilities. 28 C.F.R. § 36.302(a).

30. The "accommodation" of requiring staff to physically carry or manually assist a wheelchair user over steps — as was done on prior occasions when Mr. García visited the Subject Property — does not constitute an accessible alternative under the ADA. It is

degrading, physically dangerous, dependent on the availability of willing staff, and inconsistent with the ADA's mandate that persons with disabilities receive services "in the most integrated setting appropriate." 28 C.F.R. § 36.203.

31. Defendants' failure to provide accessible access has been knowing, continuous, and deliberate. The steps at the primary entrance of the Subject Property are plainly visible to any observer — and to Defendants' staff who witness wheelchair users unable to independently enter the building. Despite this, no remedial action has been taken. Defendants have operated these businesses for years with the constructive and actual knowledge that their entrance excludes wheelchair users, in willful disregard of their obligations under the ADA.

## V. FIRST CAUSE OF ACTION
**Violation of Title III of the Americans with Disabilities Act**
*42 U.S.C. § 12101 et seq.*
(Against All Defendants)

32. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

33. Defendants own, operate, and/or control a place of public accommodation within the meaning of Title III of the ADA. 42 U.S.C. § 12181(7). The Subject Property is a facility that offers professional and financial services to the general public, and is unequivocally subject to the non-discrimination requirements of Title III.

34. Defendants have discriminated against Plaintiff within the meaning of 42 U.S.C. § 12182(b) by:

34.1. Failure to Remove Architectural Barriers: Defendants have failed to remove the architectural barriers described herein — specifically, steps at the primary entrance and the absence of any accessible route of travel — despite the readily achievable nature of their removal. 42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304.

34.2. Failure to Provide Alternative Accommodations: In the alternative, if the removal of barriers is not readily achievable, Defendants have failed to make their goods, services, facilities, privileges, advantages, and accommodations available through alternative methods that are readily achievable. 42 U.S.C. § 12182(b)(2)(A)(v).

34.3. Failure to Design and Construct an Accessible Facility: On information and belief, to the extent the Subject Property was designed and constructed for first occupancy after January 26, 1993, or has been altered after January 26, 1992, Defendants have failed to ensure that the facility is readily accessible to and usable by persons with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(1)–(2); 28 C.F.R. §§ 36.401–36.402.

34.4. Failure to Modify Policies and Practices: Defendants have failed to make reasonable modifications to their policies, practices, and procedures to ensure that

persons with disabilities receive equal access to their goods and services. 28 C.F.R. § 36.302(a).

35. The specific architectural barriers alleged herein — steps at the primary entrance with no accessible ramp and no accessible alternative route — are barriers that directly relate to and impact Mr. García's disability as a wheelchair user. Under the ADA, "[b]ecause the ADAAG establishes the technical standards required for 'full and equal enjoyment,' if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA." *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 947 (9th Cir. 2011) (en banc). A wheelchair user's encounter with an inaccessible step threshold at the entrance to a place of public accommodation is the paradigmatic example of an ADA accessibility violation.

36. As a direct and proximate result of Defendants' violations of Title III of the ADA, Plaintiff has suffered and continues to suffer injury, including: (a) the denial of equal access to the goods, services, and facilities of the Subject Property; (b) the deterrence from future visits based on the continued existence of the barriers; (c) the loss of dignity, independence, and sense of equal participation in public life; and (d) the frustration, embarrassment, and discomfort of being unable to independently access a place of business that is open to the non-disabled general public.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

37. Plaintiff is entitled to injunctive relief compelling Defendants, jointly and severally, to remediate all architectural barriers at the Subject Property that affect wheelchair users, to bring the Subject Property into compliance with all applicable accessibility standards under the ADA, and to adopt and implement policies, practices, and procedures ensuring ongoing compliance. 42 U.S.C. § 12188(a)(2); 28 C.F.R. § 36.504.

38. Plaintiff will return to the Subject Property after the Court orders injunctive relief, for the purpose of confirming compliance with any court order and to exercise his rights as a patron. See *Civil Rights Educ. & Enf't Ctr. v. Hospitality Props. Trust*, 867 F.3d 1093, 1099 (9th Cir. 2017) (constitutional standing exists where plaintiff intends to return to test for ADA compliance).

## VI. SECOND CAUSE OF ACTION
### Violation of the Unruh Civil Rights Act
*Cal. Civ. Code § 51 et seq.*
(Against All Defendants)

39. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

40. The Unruh Act prohibits all business establishments in California from discriminating against any person on account of disability with respect to the full and equal accommodations, advantages, facilities, privileges, or services it offers. Cal. Civ.

Code § 51(b). A violation of the ADA constitutes a per se violation of the Unruh Act. Cal. Civ. Code § 51(f).

41. As alleged in detail above, Defendants have violated Title III of the ADA by maintaining architectural barriers that prevent wheelchair users, including Mr. García, from independently accessing the Subject Property. Those ADA violations constitute automatic, per se violations of the Unruh Act.

42. Mr. García personally encountered the construction-related accessibility violations at the Subject Property on the occasion alleged herein. He personally experienced difficulty, discomfort, and embarrassment because of those violations, and was denied full and equal access as a result. Under Cal. Civ. Code § 55.56(a)–(c), Plaintiff is entitled to statutory damages of $4,000 per incident of discrimination in which full and equal access was denied because of a construction-related accessibility violation.

43. Mr. García transacted with the Subject Property on the occasion described herein, and was subjected to discrimination in the form of a complete denial of access as a result of the architectural barriers. Under California law, a plaintiff who "has transacted with a defendant and who has been subject to discrimination has standing under the [Unruh] Act." *Gilbert v. 7-Eleven, Inc.*, 157 F.4th 1057, 1064 (9th Cir. 2025) (quoting *White v. Square, Inc.*, 7 Cal.5th 1019, 1028 (2019)). Nothing more is required.

44. Additionally, and independently, Mr. García has been deterred from returning to the Subject Property on occasions since his visit, because of his actual knowledge of

the continuing accessibility violations, which would deny him full and equal access if he returned. He intends to return and use the businesses' services once the barriers are removed. These additional occasions of deterrence constitute additional Unruh Act violations for which Plaintiff is entitled to statutory damages of $4,000 per occasion, subject to proof at trial. Cal. Civ. Code § 55.56(d).

45. Defendants' failure to remediate obvious and longstanding accessibility barriers in the face of a thirty-five-year-old federal statute reflects a willful and conscious disregard for the rights of persons with disabilities. The statutory damages available under the Unruh Act serve the Act's overarching purpose of deterring discriminatory practices by California businesses and remedying the exclusion of persons with disabilities from the commercial life of their communities. Cal. Civ. Code §§ 51, 52.

46. Plaintiff is entitled to recover statutory damages, actual damages (in an amount to be proven at trial), attorneys' fees and litigation costs, and any other relief the Court deems appropriate under Cal. Civ. Code §§ 52 and 55.56.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Alejandro Garcia respectfully prays that this Court:

A. Injunctive Relief (ADA): Enter a permanent injunction ordering Defendants, jointly and severally, to: (a) install a compliant accessible ramp and/or accessible entrance at the primary entrance of the Subject Property at 315–317 E San Bernardino Road, Covina, California 91723; (b) provide a compliant accessible

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

route of travel from public sidewalk and accessible parking areas to the primary entrance; (c) install compliant accessibility signage at or near all entrances; (d) bring the Subject Property into full compliance with the applicable 2010 ADA Standards for Accessible Design; and (e) adopt and implement written policies and staff training regarding accessibility compliance and the provision of equal services to customers with disabilities;

B. Statutory Damages (Unruh Act): Award Plaintiff statutory damages under Cal. Civ. Code § 52(a) of $4,000 for each occasion of discrimination — including the personal encounter alleged herein and each occasion of deterrence from the date of Plaintiff's visit through the date of full remediation, in amounts to be proven at trial;

C. Actual Damages: Award Plaintiff actual damages in an amount to be proven at trial, including compensation for the loss of equal access to professional services, and for the difficulty, embarrassment, and humiliation suffered;

D. Attorneys' Fees and Costs: Award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205 and Cal. Civ. Code § 52(a);

E. Expert Monitoring: Order that compliance with any injunction be verified by a mutually agreed-upon or court-appointed certified access specialist (CASp) at Defendants' expense; and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

F. Other Relief: Award such other and further relief as the Court deems just, proper, and equitable

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

**Dated:** March 2, 2026    Respectfully submitted,

             */s/Sandra M. Velandia*

             Sandra M. Velandia, Esq.
             **VELANDIA TECH LAW GROUP**
             *Attorney for Plaintiff Alejandro Garcia*