UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-02189-KS Date: November 3, 2026

Title *Garcia v. Lopez Financial, Inc. et al.*

Present: The Honorable: Karen L. Stevenson, Chief United States Magistrate Judge

| Artra Rice-Nelson for Kerri Hays | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On March 2, 2026, Plaintiff, represented by retained counsel, commenced this civil suit alleging violations of the Americans with Disabilities Act and California's Unruh Civil Rights Act against Defendants Lopez Financial, Inc., a California corporation, Go Pro Tax LLC, a California limited liability company, and ten unidentified Doe defendants. (Dkt. No. 1.) The matter was randomly assigned to Chief Magistrate Judge Stevenson, although the opt-out consent period has not yet expired due to the failure by Plaintiff to provide proof of service of the relevant form on Defendants. (*See* Dkt. No. 2 ("For cases initiated in the Central District, the deadline for each party to return [the completed form for either consenting or declining consent to a Magistrate Judge] is fourteen (14) calendar days after service of this Form on that party.").

On April 7, 2026, Plaintiff's counsel requested summons for both named Defendants, and on April 10, 2026, both summons were issued by the Clerk's Office. (Dkt. Nos. 6-9.) On August 27, 2026, Plaintiff filed a Proof of Service as to Defendant Lopez Financial, Inc. (Dkt. No. 15.) To-date, no proof of service has been filed as to Defendant Go Pro Tax LLC.[1]

Federal Rule of Civil Procedure 4(m) provides, in pertinent part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after

[1] The Court notes that an attorney has appeared on behalf of both named Defendants and filed Applications to stay this case pending early mediation. (Dkt. Nos. 10, 11.) It therefore appears that either service was effected on Defendant Go Pro Tax LLC or a waiver of service should have been filed by Go Pro Tax LLC's counsel to avoid default. Nevertheless, to-date, Plaintiff has not filed a proof of service, a motion for default with the Clerk, or taken any further action as to Defendant Go Pro Tax LLC.

notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Since Plaintiff initiated this action by filing the Complaint on March 2, 2026, his proof of service under Rule 4(m) was due to be filed 90 days later, on May 31, 2026. Therefore, approximately five months have now passed since Plaintiff's deadline to file a proof of service showing that he timely served Defendant Go Pro Tax LLC, but he has not done so. If Plaintiff has, indeed, failed to properly and timely serve Defendant Go Pro Tax LLC, then his claims against that Defendant must be dismissed.

However, in the interests of justice and in conformity with Fed. R. Civ. P. 4(m), which requires notice to a plaintiff if a defendant is not served within 90 days, **IT IS HEREBY ORDERED that Plaintiff shall show cause, no later than November 24, 2026, why the action should not be dismissed as to Defendant Go Pro Tax LLC.**

To discharge this Order and proceed with this case, **Plaintiff, no later than the November 24, 2026 deadline, shall file a proof of service that shows that Plaintiff served the summons and a copy of the Complaint on Defendant Go Pro Tax LLC in a manner that complies with Rule 4(e) of the Federal Rules of Civil Procedure.**[2]

---

[2] Rule 4(e) of the Federal Rules of Civil Procedure states: Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

The Court will not extend Plaintiff's November 24, 2026 deadline in the absence of a showing of extraordinary circumstances supported by competent proof. **Plaintiff's failure to timely comply with this order will result in dismissal of all claims against Defendant Go Pro Tax LLC.**

**IT IS SO ORDERED**.

:

**Initials of Preparer** an